IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUDOLPH MILUTIN<br>28 Nash Circle<br>Millsboro, DE  19966 | * | |
| | * | |
| and | * | Civil Action No.:_____ |
| | * | |
| PATRICIA MILUTIN<br>28 Nash Circle<br>Millsboro, DE  19966 | * | **JURY TRIAL DEMANDED** |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| PENINSULA REGIONAL MEDICAL CENTER<br>100 East Carroll Street<br>Salisbury, MD 21801 | * | |
| | * | |
| **Serve On**:<br>Resident Agent<br>Tim Feist<br>Peninsula Regional Medical Center<br>100 East Carroll Street<br>Salisbury, MD 21801 | *<br>*<br>*<br>* | |
| and | * | |
| | * | |
| EMMANUEL N. NSAH, M.D.<br>Peninsula Cardiology Associates, P.A.<br>400 Eastern Shore Drive<br>Salisbury, MD 21804 | *<br>* | |
| and | * | |

PENINSULA CARDIOLOGY ASSOCIATES, P.A.*
400 Eastern Shore Drive
Salisbury, MD 21804                                    *

    **Serve On**:                                    *
    Resident Agent
    Rene L. Desmarais, M.D.                 *
    400 Eastern Shore Drive
    Salisbury, MD 21804                          *

Defendants                                             *

                                       *************

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Rudolph and Patricia Milutin, by their attorneys, E. Dale Adkins, III and Bekman, Marder & Adkins, LLC, file this Complaint and Election for Jury Trial against the Defendants, Peninsula Regional Medical Center ("PRMC"), Emmanuel N. Nsah, M.D. and Peninsula Cardiology Associates, P.A., and state:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs and the Plaintiffs and Defendants are citizens of different states.

2. A Statement of Claim was filed with the Health Care Alternative Dispute Resolution Office as required under Maryland law, and arbitration of the claim was waived by the Plaintiffs pursuant to § 3-2A-06B(b) of the Courts and Judicial Proceedings Article. The Order of Transfer and the Certificate of Qualified Expert and Report which was filed before the Health Care Alternative Dispute Resolution Office are attached as **Exhibit1** and **Exhibit 2**.

3. Plaintiffs have complied with all conditions precedent and all such conditions precedent have been performed or have occurred.

## THE PARTIES

4. The Plaintiffs, Rudolph and Patricia Milutin, are residents of Sussex County, Delaware.

5. The Defendant Peninsula Regional Medical Center ("PRMC") is a Maryland hospital, incorporated under the laws of the State of Maryland, with its principal place of business in Wicomico County, Maryland.

6. The Defendant Emmanuel N. Nsah, M.D. is a health care provider licensed in the State of Maryland. Dr. Nsah practices medicine at Peninsula Regional Medical Center in Wicomico County and is an employee of Peninsula Cardiology Associates, P.A. in Wicomico County, Maryland, specializing in cardiology.

7. The Defendant Peninsula Cardiology Associates, P.A. is a Maryland hospital, incorporated under the laws of the State of Maryland, with its principal place of business in Wicomico County, Maryland.

8. Plaintiffs have thus far been unable to identify based on the record all negligent non-physician staff members at Peninsula Regional Medical Center who were in the operating room at the time of the occurrence upon which this suit is based.

9. The events giving rise to this cause of action occurred in Wicomico County, Maryland.

10. At all relevant times, Peninsula Regional Medical Center was a hospital offering medical and other related services to the general public. In such capacity, its agents, apparent agents, servants and/or employees held themselves out as possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the provision of health care, and as such, owed a duty to the Plaintiffs and to the

general public to render and provide health care within the ordinary standards of medical and nursing care, and to exercise reasonable skill and care in the selection of its personnel in order to provide competent physicians, nurses, technicians, and other medical personnel.

11. At all relevant times, Emmanuel N. Nsah, M.D. held himself out to the Plaintiffs, and to the general public, as an experienced, competent and able physician and/or health care provider possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, particularly cardiology, and as such, had a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of medicine, particularly cardiology.

12. At all relevant times, Michelle Harden, R.N. and other unidentified non-physician staff at Peninsula Regional Medical Center held themselves out to the Plaintiffs, and to the general public as experienced, competent and able staff members and/or health care providers possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, and as such, had a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of medicine.

13. At all relevant times, the Defendants, Emmanuel N. Nsah, M.D., Michelle Harden, R.N., and other unidentified non-physician staff were employees, servants, agents and/or apparent agents of Peninsula Regional Medical Center, and were acting in the scope of said employment or agency.

14. At all relevant times, the Defendant, Emmanuel N. Nsah, M.D., was an employee, servant, agent and/or apparent agent of Peninsula Cardiology Associates, P.A., and was acting in

the scope of said employment or agency.

## FACTUAL ALLEGATIONS

15.     In June 2015, Rudolph Milutin was referred to Peninsula Regional Medical Center ("PRMC") for dual-chamber permanent pacemaker implantation for purported symptomatic bradycardia due to intermittent AV block with Intermittent Moblitz type II AV block and sinus bradycardia at times.

16.     At that time, Mr. Milutin had a tracheostomy through which he breathed as a result of an automobile accident for which he had been hospitalized previously. During the pacemaker insertion, Mr. Milutin was sedated and oxygen was administered to his lungs by means of a mask placed on top of his tracheostomy collar.

17.     On June 5, 2015, Mr. Milutin's pacemaker insertion was performed by Emmanuel N. Nsah, M.D., a cardiologist. Michelle Harden, R.N. and other individuals, including nurses and other hospital staff personnel whose names are unclear from the medical records, were present as well. It appears from the record that Michelle Harden, R.N. and other staff personnel participated in the pre-procedure assessment, procedure, and recordation of both, although Plaintiffs have been unable to ascertain the identity of all present.

18.     Prior to Mr. Milutin's pacemaker insertion, neither Dr. Nsah nor any member of the hospital staff at PRMC conducted an oxygen safety check. The hospital procedures at PRMC at that time did not require that an oxygen safety check be conducted prior to a procedure.

19.     During the pacemaker insertion, while oxygen was still being administered to Mr. Milutin's lungs through his tracheostomy tube, Dr. Nsah used a cautery device (which uses an electrical current to cut flesh) to make an incision in Mr. Milutin's body. Oxygen is heavier than air and, in its pure form, is highly flammable.

20. As a result, the cautery device used by Dr. Nsah ignited the oxygen being administered to Mr. Milutin's lungs and caused a flash fire, seriously burning Mr. Milutin around the face, neck, chest, and arms, as illustrated below:





### Count 1
### Negligence—Peninsula Regional Medical Center, Emmanuel N. Nsah, M.D. and Peninsula Cardiology Associates, P.A.

21. The Defendant Peninsula Regional Medical Center was negligent and careless in the following manners:

    a. By failing to check the need for supplemental oxygen and the use of cautery in the presence of oxygen administered through a tracheostomy collar;

    b. By failing to have in place a policy or procedure requiring an oxygen safety check prior to the use of cautery in a procedure;

    c. By allowing Dr. Nsah to use cautery instead of other instruments to make

the incision during Mr. Milutin's pacemaker insertion when oxygen needed to be administered;

    d.    And in other ways.

22. The Defendant Emmanuel N. Nsah, M.D., acting as agent, servant and employee of Peninsula Cardiology Associates, P.A., was negligent and careless in the following manners:

    a.    By failing to conduct an oxygen safety check prior to the use of cautery in the procedure for Mr. Milutin's pacemaker insertion;

    b.    By failing to evaluate whether Mr. Milutin actually required supplemental oxygen during the pacemaker insertion;

    c.    By failing to utilize the necessary precautions for using cautery during a procedure where there is a need for supplemental oxygen;

    d.    By failing to utilize instruments other than cautery to make the incision during Mr. Miliutin's pacemaker insertion when oxygen needed to be administered;

    e.    And in other ways.

23. The Defendant Michelle Harden, R.N and other unidentified non-physician staff at PRMC were negligent and careless in the following manners:

    a.    By failing to conduct an oxygen safety check prior to the use of cautery in the procedure for Mr. Milutin's pacemaker insertion;

    b.    By failing to evaluate whether Mr. Milutin actually required supplemental oxygen during the pacemaker insertion;

    c.    By failing to utilize the necessary precautions for using cautery during a procedure where there is a need for supplemental oxygen;

    d.    And in other ways.

24. As a result of the negligence of Peninsula Regional Medical Center, Dr. Nsah,

Peninsula Cardiology Associates, P.A. and Unidentified Staff at PRMC, Mr. Milutin was caused to suffer significant physical injury. He has been caused to suffer intense physical pain and suffering, as well as severe emotional and psychological damage and other non-economic losses. He has also been forced to incur substantial medical bills.

### Count 2
### Loss of Consortium—Rudolph and Patricia Milutin

25. At all relevant times, Rudolph and Patricia Milutin are and were husband and wife.

26. As a result of the aforementioned negligence of the Defendants, Rudolph and Patricia Milutin have been caused to suffer significant damage to their marital relationship, including, but not limited to, the loss of society, affection, companionship, comfort, assistance, and marital relations.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individual and as husband and wife, claim damages against the Defendants in an amount to be determined by a jury.

E. Dale Adkins, III   #01425
BEKMAN, MARDER & ADKINS, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland  21201
adkins@bmalawfirm.com
410-539-6633

Attorneys for Plaintiffs